**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| CHARLES M. LANE, | : |
| | : |
| Plaintiff, | : |
| | : |
| v. | : CIVIL ACTION NO. |
| | : 1:10-CV-1411-RWS |
| WELLS FARGO BANK, N.A., | : |
| | : |
| Defendant. | : |
| | : |

**ORDER**

This case is before the Court for consideration of Defendant's Motion to Dismiss [5]. Plaintiff has failed to file a response to the Motion, and thus, it is unopposed. L.R. 7.1B. N.D. Ga. When considering a FED. R. CIV. P. 12(b)(6) motion to dismiss, a federal court is to accept as true "all facts set forth in the plaintiff's complaint." Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citation omitted). Further, the court must draw all reasonable inferences in the light most favorable to the plaintiff. Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1273 n.1 (11th Cir. 1999); see also Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964 (2007) (internal citations omitted). The Court may consider evidence outside the pleadings that is undisputedly authentic and

on which the Plaintiff has relied in the Complaint. <u>Harris v. Avax Corp.</u>, 182 F.3d 799, 802 n.2 (11th Cir. 1999). The United States Supreme Court has recently dispensed with the rule that a complaint may only be dismissed under Rule 12(b)(6) when "'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Twombly</u>, 127 S.Ct. at 196 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)). The Supreme Court has replaced that rule with the "plausibility standard," which requires that factual allegations "raise the right to relief above the speculative level." Id. at 1965. The plausibility standard does not, however, impose a probability requirement at the pleading stage; it simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence [supporting the claim]." Id.

This is the fourth action brought by Plaintiff against Defendant asserting identical claims. Plaintiff previously filed three separate actions in the Superior Court of Cobb County, two of which were dismissed by the court and one of which was voluntarily dismissed by Plaintiff. The third suit filed by Plaintiff in Cobb County was dismissed with prejudice. Because that case involved the same claims as the present case and involved identical parties, Defendant

AO 72A
(Rev.8/82)

asserts that the present action is barred by the doctrine of *res judicata*. The Court agrees that this is a sufficient basis for granting the Motion to Dismiss.

Based on the foregoing, Defendant's Motion to Dismiss [5] is hereby **GRANTED**.

**SO ORDERED**, this  7th  day of July, 2010.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)